# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

## EPITOMIZED OPINIONS
### Published only in the Abstract

### SUMMERS v. STATE.

Ohio Appeals, 7th Dist., Mahoning Co.

Decided Mar. 23, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

Thomas, J., of the 4th Dist., and Williams, J., of the 6th Dist., sitting.

380. DELINQUENCY — 661. Intoxicating Liquor—769. Minors.
Causing minor to be in possession of intoxicating liquor, constitutes contributing to delinquency, under 1644 and 1654 GC.
Error to Mahoning Domestric Relations.
Judgment affirmed.
Nathan M. Kaufman, Youngstown, for Summers.
R. L. Thomas, Youngstown, for State.

### FULL TEXT.
FARR, J.
Plaintiff in error was charged in the Court of Domestic Relations of the County of Mahoning, with contributing to the delinquency of one William Ewing, in this, that he did cause said minor to be in possession of intoxicating liquor. The cause was heard in said court and resulted in a finding of guilty and a sentence being imposed. The only question raised here is as to the sufficiency of the affidavit.
Section 1654 GC., provides, in part, as follows:

"Whoever causes a child, or aids or abets, induces, causes, encourages or contributes to the dependency, neglect or delinquency as herein defined, etc., shall be punished as provided."

Section 1644 GC., provides, also, in part, as follows:

"Delinquent child defined. For the purpose of this chapter, the words 'delinquent child' include a child under eighteen years of age, who violates a law of this state."

It therefore becomes clear that if Summers caused Ewing to be in possession of intoxicating liquor, that he caused him to violate the prohibition laws of the State of Ohio. Therefore, there can be no question but what the affidavit was sufficient, and there being no other issues raised it follows that the judgment of conviction must be affirmed and it is so ordered. (Thomas and Williams, JJ., concur.)

### OPRITZA v. CITY OF YOUNGSTOWN.

Ohio Appeals, 7th Dist., Mahoning Co.

Decided Mar. 23, 1928.

Williams, J., of the 6th, and Thomas, J., of the 4th Dist., sitting.
**First Publication of This Opinion.**

Syllabus by Editorial Staff.
661. INTOXICATING LIQUOR—936. Possession—615. Husband and Wife.
Fact that woman, at time of her arrest, was in company of her husband, and in her home, no defense to charge of unlawful possession of intoxicating liquor.
Error to Common Pleas.
Judgment affirmed.
J. G. Hartwell and Edw. D. Powell, Jr., Youngstown, for Opritza.
Carl Armstrong, Youngstown, for City of Youngstown.

### FULL TEXT.
THOMAS, J.
The plaintiff in error was convicted in the Municipal Court of the City of Youngstown on a charge of unlawful possession of intoxicating liquor. Error was prosecuted to the Court of Common Pleas and the judgment of the trial court was affirmed. The case is now before this court for review and a reversal is sought of the decisions of the other courts.
The record shows that when the plaintiff in error was arrested she had concealed on her person a bottle of intoxicating liquor. At the time she was in the company of her husband and in her home. It is claimed in her behalf that under the old doctrine that being with her husband at the time of arrest, that she was under his domination and that she had no discretions and therefore was not amenable to the law. Such a contention is contrary to all claims of the modern woman. Counsel seems to have failed to keep step in the march of evolution of women's rights. This theory was a fiction of the common law and at an early date obtained in this state, but it no longer is regarded as the law. The statutes and the Constitution of the state have invested women with all of the rights and responsibilities hitherto enjoyed by members of the other sex.
The judgment of the Court of Common Pleas is affirmed.
(Farr and Williams, JJ., concur.)